## Clendenin vs. Southerland.

1.—PROMISSORY NOTE: *Assignment; Set off.*
    A negotiable promissory note is, under the Act of April 24, 1873, governed by the law merchant, and an endorsee for value before maturity in due course of business, without notice, takes it free from any set off in favor of the maker or against the assignor.

2.—ENDORSEMENT IN BLANK: *Evidence to fix the date of admissible.*
    The provision of sec. 570 Gantt's Digest that all blank assignments shall be taken to have been made on such a day as shall be most to the advan-tage of the defendant, merely changes the former rule of presumption to be applied in the absence of evidence, and it is competent for the plain-tiff to prove the actual date of the assignment.

APPEAL from *Phillips* Circuit Court.

Hon. JESSE N. CYPERT, Circuit Judge.

*Thweatt & Quarles*, for appellant.

*Tappan & Hornor*, for appellees.

ENGLISH, CH. J.:

On the 15th April, 1875, Frank Clendenin sued Angus W. Southerland, in the Phillips Circuit Court, on a promissory note made by defendant 1st December, 1873, for $1000, payable one year after date, to John A. McKay, or order, and by him en-dorsed to plaintiff.

The complaint alleged that the note was endorsed and delivered to plaintiff, by McKay, the original payee, on the 21st of September, 1874. That plaintiff received the note in good faith for value, in due course of trade, before maturity.

The endorsement was in blank, and was filled up as of the date on which it was alleged to have been made (21st Sept., 1874) by the plaintiff, after the suit was brought, and the filling of the blank averred by an amendment of the complaint.

The defendant pleaded as a setoff, a note for $360 made by John A. McKay, December 9th, 1873, payable to Donald Campbell, or order, one year after, and endorsed by Campbell, 1st of October, 1874, to defendant.

The answer alleged that this note was endorsed by Campbell to defendant for value, etc., before McKay endorsed the note sued on to plaintiff.

The plaintiff demurred to the answer, and the court overruled the demurrer.

The cause was submitted to the court sitting as a jury, on the complaint and answer, etc.

The plaintiff gave his own deposition, and also took the deposition of McKay.

Plaintiff deposed that the note sued on was assigned and transferred to him by McKay on the 21st day of September, 1874, (before its maturity) for a good and valuable consideration, in due course of business. That the consideration paid by him for the note was cash or its equivalent. That it was assigned to him in perfectly good faith. That he had no notice whatever of any offset or claim against the note when he got it, and would not have taken it, if he had known of any. That he never knew that defendant claimed any off set against the note until about the 23rd December, 1874, when he received a letter from him dated 18th of that month.

McKay deposed (among other things not deemed material to be stated) that he transferred and assigned the note sued on to plaintiff on the 21st day of September, 1874, in regular course of business, and received full value therefor. That on his return from Arkansas, where he had seen defendant in October, 1874, he told plaintiff that the note would be promptly paid. This was after he had assigned the note to plaintiff.

On the motion of the defendant so much of each of the above depositions as purported to show at what time the assignment of the note sued on was made, was suppressed, and the plaintiff excepted to the decision of the court.

The remainder of each of the depositions was read in evidence on the trial.

Defendant deposed that the note pleaded as a setoff was assigned to him by Campbell (his brother-in-law) on the 1st of October, 1874. That he paid Campbell no money for the note but gave him his note for it, payable in one year, his object being to get an extension of time.

Campbell testified that at the time he gave up McKay's note (the set off note) to defendant, there was an understanding between them that if defendant did not collect McKay's note, witness would give up his note, and he would not have it to pay, that he never was bound to make the McKay note good to defendant.

Plaintiff ask the court to declare the law to be:

*First*—"If it appears from the testimony that the plaintiff took the note sued on in due course of trade for value, without notice of any setoff in the hands of defendant, and before maturity then the law is for plaintiff, and the offset cannot be allowed the defendant.

*Second*—"That plaintiff may fill up a blank endorsement on the note sued on, so as to show the day on which it was made.

*Third*—"That if it appear from the evidence that defendant took the note of McKay from Campbell for the purpose of setting it off against the note sued on in this case, with the understanding that if not so used, then defendant should not pay Campbell therefor, then defendant is not a holder for value, nor the creditor of McKay, and cannot setoff that note in this action.

Which the court refused.

The court made the following declaration of law for defendant:

"That the date of a blank assignment may be fixed by the defendant upon such day as shall be most to his advantage; and the assignment in this case being blank and not filled up until after suit brought is to be taken as a blank assignment so as to let in all the equities which arose during the time it was blank. And the note of Campbell, assigned to defendant, having been assigned while the assignment on the note sued on was in blank, the defendant is entitled to fix the date of the assignment on such a day as shall let in the Campbell note as a setoff against the note sued on."

The court below allowed the offset and after deducting the sum due upon the note as a setoff from the amount due upon the note sued on, rendered judgment in favor of the plaintiff for the balance; which the defendant tendered with costs, etc.

The plaintiff moved for a new trial, which was refused, and he took a bill of exceptions, and appealed.

*First*—The note sued on was negotiable, and was executed and endorsed to the appellant after the passage of the Act of 24th April, 1873, by which such paper is to be governed by the law merchant, Gantt's Digest, sec. 566.

It was proven by the appellant that the note was endorsed and delivered to him for value, before maturity, in due course of business, and that he took it in good faith, and without notice that the appellee (the maker) had any offset, etc., against the note.

Indeed, the appellee proved that he purchased the note pleaded as a setoff after the note sued on was endorsed to the appellant.

This made a clear case against the allowance of the offset under the law merchant. Parson's Mercantile Law, 100-1.

*Second*—But the endorsement being in blank, the court below excluded the evidence of the appellant that it was in fact made before the maturity of the note, and declared, in effect, that it was an absolute presumption of law, that the endorsement was made at such time as would be of most advantage to the appellee (defendant below).

A section of the Revised Statutes provided that:

"All blank assignments shall be taken to have been made on such a day as shall be most to the advantage of the defendant." Gantt's Digest, sec. 570.

The statute merely changed a former rule of presumption, which was that the law, in the absence of any evidence on the subject, presumes a transfer to have been made before the bill or note was due.

Byles on Bills (by Sharswood) 288, (marg. p. 165); and cases cited in note (1). *Sanger* v. *Sumner*, 13 Ark., 288.

The meaning of the statute manifestly is, that in the absence of evidence to prove when the blank assignment was in fact made, the presumption must be that it was made on such day as shall be most to the advantage of the defendant.

Surely no such presumption arises where the holder of the bill or note proves that it was in fact endorsed and delivered to him before maturity, and to give the statute such interpretation as would deny to him the right to make such proof would be unreasonable.

That the statute only furnishes a rule of presumption to be applied in the absence of evidence on the subject, as under the former rule, was indicated in *Weaver* v. *Caldwell*, 9 Ark., 344,

where the court said: "It would be manifestly to the advantage of the defendant to suppose that the endorsement was made subsequent to the acceptance of the bill (the rule of presumption under the statute), and there is nothing in the record that conflicts with that supposition."

The court below erred in excluding so much of the depositions of appellant, as were offered to prove the time of the endorsement; and in refusing to make the first and second declarations of law asked by appellant, and in declaring the law to be as moved by appellee.

It is not deemed material to pass upon the *third* declaration of law moved by appellant, and refused by the court.

The judgment must be reversed, and the cause remanded with instructions to the court below to grant the appellant a new trial.